<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LOUIS HYMAN, | : | |
| Petitioner, | : | Civ. No. 07-3061 (GEB) |
|  | : | Crim No. 02-935 (GEB) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| Respondent. | : | |

<u>**BROWN, Chief Judge**</u>

      This matter comes before the Court upon the *pro se* petition of Louis Hyman ("Petitioner" or "Hyman") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Petitioner asks this Court to set aside his sentence and to issue a writ of habeas corpus ad testificandum in order to address Petitioner's claim that his Sixth Amendment right to effective counsel under the United States Constitution was violated. This Court will deny the petition on all grounds based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78.

**I.     BACKGROUND**

      On December 17, 2002, Petitioner was indicted on three counts by a federal grand jury sitting in the District of New Jersey (the "Original Indictment"). (Gov's Answer at 2.) Petitioner was charged with (i) conspiracy to rob an armored car at a Home Depot in Jersey City on March 23, 2002; (ii) carrying a firearm in connection with a crime of violence; and (iii) conspiracy to

1

rob an armored car at the Newport Mall in Jersey City on or about August 29, 2002. (Petr.'s Reply Br. Ex. B. ("Plea Agreement") at 1.)

On January 2, 2003, the Petitioner and an alleged accomplice, Sabastian Williams, appeared before this Court and entered a plea of not guilty. (Gov.'s Answer at 2.) Following this initial plea, the Government returned a Superseding Indictment against the Petitioner on January 28, 2003, which added one count of carrying a firearm in relation to a crime of violence against the Petitioner. (*Id.*) On February 13, 2003, the Petitioner changed his plea to guilty with respect to the three counts contained in the Original Indictment. (*Id* at 3.) The fourth charge of the Superseding Indictment - an additional violation of 18 U.S.C. § 924(c)(1)(A)(ii) - was dropped by the Government. The terms of the Petitioner's guilty plea were outlined in a plea agreement ("Plea Agreement") drafted by the Government.

The Plea Agreement was accepted by the Court. The Petitioner was sentenced on May 29, 2003 to 92 months' imprisonment with regard to the first and third counts of the Original Indictment, and 84 months' imprisonment with regard to the weapons violation. These sentences were imposed consecutively. (Gov's Answer at 3.)

The Petitioner contends that he ordered his former counsel, Robert DiDio, to pursue an appeal immediately after the sentencing. The Government, on the other hand, argues that it was the express understanding between the Petitioner and Mr. DiDio that no appeal of any kind would be filed. Both sides buttress their arguments with the correspondence maintained between Petitioner and Mr. DiDio during Mr. DiDio's representation of the Petitioner and after the termination of their formal professional relationship.

Mr. Hyman filed the instant petition on July 3, 2007. He claims that the one-year statute

of limitations set out in 28 U.S.C. § 2255 should be waived in this matter.  Indeed, the Petitioner contends that he could not have known through reasonable due diligence that Mr. DiDio was not pursuing an appeal on his behalf within the one-year statutory time frame.  The Government contests this position and requests that the Petitioner's claim be dismissed as untimely, or, in the alternative, that the Court order an expansion of the record, pursuant to U.S.C.S. § 2255 Procedural Rule 7(a).

## II.    DISCUSSION

### A.    The Standard Of Review Applicable to *Pro Se* Petitioner's Motion

Under 28 U.S.C. § 2255, a court may vacate, correct or set aside a sentence that:

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  Further, U.S.C.S. § 2255 Procedural Rule 12 (which establishes the procedure for 2255 motions) specifically incorporates the Federal Rules of Civil Procedure "to the extent they are not inconsistent with any statutory provisions or these rules . . . ." 2255 P. R. 12.  As the threshold issue posed by this motion is whether or not its consideration is time-barred by the one-year statute of limitations established by 28 U.S.C. § 2255, Federal Rule of Civil Procedure 12(b)(6) frames this Court's analysis.

In considering whether or not to dismiss a motion as having "failed to state a claim upon which relief can be granted" in accordance with Rule 12(b)(6), a court must take all of the Petitioner's allegations as true and view them in the light most favorable to him.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*,

3

140 F.3d 478, 483 (3d Cir. 1998); *Robb v. Philadelphia*, 733 F.2d 286, 290 (3d Cir. 1984). If the Court decides that no relief can be granted to the Petitioner after considering all claims in the light most favorable to him, the Court shall dismiss the petition. Since the Petitioner is a *pro se* litigant, however, the Court must apply a more liberal standard of review to his claims than it would to a petition filed with the aid of counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed).

Having reviewed this *pro se* petition according to these standards, the Court must dismiss the Petitioner's claim as time-barred. As a result, the Court will not address the Petitioner's substantive claims.

### B.     *Pro Se* Petitioner's Claim Is Time-Barred and Must Be Dismissed

Section 2255 includes the following statute of limitations clause:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or

> claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Sub-sections (2) and (3) are inapplicable to this case. The parties do not raise them, and the Court will not elaborate upon them further. Pertinent to our consideration of this motion, however, are sub-sections (1) and (4). These focus on the date upon which the judgement became final, and the date on which the Petitioner could have discovered the facts that support this petition through "due diligence," respectively.

The finality of this Court's judgment in this case is not in dispute. The Third Circuit has made clear that a conviction becomes final when the time window for filing a direct appeal expires. *Kapral v. United States*, 166 F.3d 565 (3d Cir. 1999). Federal Rule of Appellate Procedure 4, applicable to the underlying criminal judgment at issue here, establishes that a "notice of appeal must be filed with the district court within 10 days of the latter of the entry of either the judgment or the order being appealed." FED. R. APP. P. 4(b)(1)(a)(I). Final judgment in this case was entered by the clerk of the Court on June 9, 2003. (Gov's Answer at 3.) No direct appeal of that judgment was ever filed. Petitioner's July 3, 2007 petition - filed almost four years after the judgment in this case became final - is therefore plainly untimely under 2255(1).

The Petitioner does not challenge this, but rather claims that the statue of limitations should be tolled and this petition should be considered as timely under 2255(4). That sub-section provides for equitable tolling of the one year statute of limitations when, while exercising continuous due diligence, a fact that gives rise to a claim that could not have been raised in its absence only becomes knowable to the Petitioner at a date beyond

the statue of limitations.

      The Court is not convinced by Petitioner's argument. Petitioner was sentenced by this Court on May 29, 2003, and final judgment was entered by the Clerk of the Court on June 9, 2003. No appeal of this judgment was ever filed on behalf of the Petitioner. There can be no dispute that the filing and pendency of any appeals are matters of public record. Therefore, the Petitioner "could" have learned that no appeal had been filed on his behalf at any time after May 29, 2003 by simply searching the public records. Petitioner, however, did not do so until years after his claim had become time-barred. He may not benefit from equitable tolling of the statue of limitations under Section 2255(4), and his claim must therefore be dismissed as untimely.

### III.   CONCLUSION

      For the foregoing reasons, the Court will deny Mr. Hyman's petition. An appropriate form of Order accompanies this Memorandum Opinion.


Dated: October 26, 2007


                                                   s/ Garrett E. Brown, Jr.
                                                   GARRETT E. BROWN, JR., U.S.D.J.