<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|   |   |   |
|---|---|---|
| | : | |
| LOUIS HYMAN, | : | |
| | : | |
| Petitioner, | : | Civ. No. 07-3061 (GEB) |
| | : | |
| : | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon Louis Hyman's ("Hyman") *pro se* motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of this Court's October 26, 2007 Opinion. The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Hyman's motion.

**I.     BACKGROUND**

On July 3, 2007, Hyman filed a *pro se* petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In the alternative, Hyman asked this Court to issue a writ of *habeas corpus ad testificandum* pursuant to the All Writs Act, 28 U.S.C. § 1651. The United States Attorney's Office filed an answer on August 10, 2007, and urged dismissal of Hyman's petition. After reviewing the submissions of both parties, the Court denied Hyman's petition in an Order dated October 26, 2007. (Order 10/26/07.) In the Memorandum Opinion accompanying that Order, the Court explained that Hyman's claim was time-barred by 28 U.S.C.

§ 2255(4), the applicable statute of limitations, and that Hyman had not presented facts sufficient to support a waiver of this provision.[1]  (Mem. Op. 10/26/07 at 5-6.)

On November 9, 2007, Hyman filed the instant *pro se* motion for reconsideration under FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(g).  (Pet. 11/9/07.)  Hyman argues that the Court's dismissal of his original § 2255 petition as time-barred was improper, and that the Court erred in not issuing a writ of *habeas corpus ad testificandum* pursuant to 28 U.S.C. § 1651. (*Id.*)  The United States Attorney's Office did not respond to the motion.

## II.    DISCUSSION

### A.    STANDARD

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(g).[2]  The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case."  *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311,

---

[1]    Section 2255 is the exclusive statutory medium for the relief sought by Hyman, and his petition was time-barred by the applicable statute of limitations.  As such, the Court declined to issue the correspondence generally required under *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999) prior to ruling on Hyman's initial petition.  *See United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002).

[2]    The instant motion for reconsideration did not mention Local Civil Rule 7.1(g).  Because of Hyman's *pro se* status, the Court will nonetheless consider the motion.

1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'"  *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

**B.     APPLICATION**

i.     28 U.S.C. § 2255

Hyman's first contention is that the Court should reconsider its October 26, 2007 Opinion dismissing his 28 U.S.C. § 2255 action as time-barred.  (Pet. 11/9/07 at 1.)  In support of this claim, Hyman repeatedly reminds the Court of his *pro se* status and essentially restates the arguments he made in support of his original section 2255 petition.  (*Id.* at 1-2.)

When the Court reviewed Hyman's arguments in his initial section 2255 petition, we were mindful of his *pro-se* status and applied the more tolerant standard of review demanded by the Supreme Court in such cases.[3]   The Court nevertheless found Hyman's arguments unavailing and held that the facts of the case did not warrant a waiver of the statute of limitations applicable to Section 2255 petitions.  (Mem. Op. 10/26/07 at 5-6.)  As noted earlier, a motion for reconsideration is not a means to simply re-litigate old arguments.  Hyman's motion for reconsideration fails to present new law or new evidence in support of his claim.  Further, the Court's previous ruling was neither clearly erroneous, nor manifestly unjust.   The Court will therefore decline to reconsider its order dismissing Hyman's claim under 28 U.S.C. § 2255 as time-barred.

---

[3]     The Court's initial memorandum of opinion thoroughly explained the more "liberal standard of review" accorded to *pro se* petitioners.  (Mem. Op. 10/26/07 at 3-4.)

ii.   28 U.S.C. § 1651

Hyman's second contention is that the Court erred in not issuing a writ of *habeas corpus ad testificandum* pursuant to the All Writs Act, 28 U.S.C. § 1651.  (Pet. 11/9/07 at 1.) This contention is wholly without merit. The United States Supreme Court has made clear that, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985).   The Third Circuit also explained that:

> [a] motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to collaterally challenge a federal conviction or sentence. Section 2255 is not inadequate or ineffective so as to enable [Petitioner] to resort to the All Writs Act, 28 U.S.C. § 1651 . . . merely because he previously suffered an adverse decision in a Section 2255 proceeding.

*United States v. Coleman*, 162 Fed App'x 163, 164 (3d Cir. 2006) (per curiam).  Further, the Third Circuit has noted that "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those limitations create a gap in post-conviction remedies that must be filled by common law writs."  *Id.*, *quoting United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001).

In light of the foregoing, relief under the All Writs Act is plainly inappropriate here.  The statutory medium for collaterally attacking a sentence is 28 U.S.C. § 2255.  As noted, Hyman unsuccessfully pursued a claim under section 2255.  Hyman cannot seek relief under the All Writs Act simply because his section 2255 petition failed to bear fruit.  The Court's previous consideration and dismissal of Hyman's section 2255 petition necessarily precluded the issuance of a writ of *habeas corpus ad testificandum* pursuant to section 1651.

4

## III.    CONCLUSION

For the foregoing reasons, the Court will deny Mr. Hyman's motion. An

appropriate form of Order accompanies this Memorandum Opinion.

Dated: March 27, 2008


                                        __s/ Garrett E. Brown, Jr._____
                                        GARRETT E. BROWN, JR., U.S.D.J.